## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT M. COLPITTS,
        Appellant,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,
        Agency.

DOCKET NUMBER
PH-0752-17-0398-I-1

DATE: April 27, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Robert M. Colpitts, Peabody, Massachusetts, pro se.

Michael Potter, Providence, Rhode Island, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his constructive removal appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The appellant was the GS-0201-13/8 Chief of Human Resources for the agency's Edith Nourse Rogers Memorial Veterans Hospital (Bedford VA) in Bedford, Massachusetts, from September 2010 until May 29, 2016, when he transferred to the Department of the Air Force as a GS-0301-12/10 Resources Specialist.  Initial Appeal File (IAF), Tab 1 at 1, 7-9, 25-26, Tab 7 at 37.[2]  The appellant alleges that he had a productive working relationship with his second-line supervisor, the Bedford VA Director, until mid-June 2015, after which she allegedly created a hostile work environment and intolerable working conditions for him until his May 2016 transfer.  IAF, Tab 1 at 24-26, Tab 6 at 4-6, 25, 27.

¶3      Subsequently, the appellant filed an equal employment opportunity (EEO) complaint in which he alleged discrimination based on age, race, and sex, and in which he alleged that his May 29, 2016 transfer to the Air Force constituted a constructive removal.  IAF, Tab 1 at 22-39, Tab 6 at 28-31, Tab 7 at 28-34.  The agency issued a final agency decision on August 8, 2017, in which it found no discrimination, no hostile work environment, and that no constructive removal occurred.  IAF, Tab 1 at 22-39.

¶4      The appellant timely filed this appeal with the Board challenging his May 2016 transfer as a constructive removal.  *Id.* at 3.  The administrative judge informed the appellant that the Board lacks jurisdiction over presumed voluntary actions like resignations or removals unless the action was the result of duress, coercion, or misrepresentation by the agency.  IAF, Tab 2 at 2.  The

---

[2] The appellant's Executive Career Field Performance Appraisal lists his Chief of Human Resources assignment date as September 27, 2009.  IAF, Tab 7 at 37.  However, whether the appellant became Chief of Human Resources in 2009 or 2010 does not affect our disposition of this petition for review.

administrative judge ordered the appellant to file evidence that his May 2016 transfer to the Air Force was within the Board's jurisdiction. *Id.* at 3; IAF, Tab 4. After reviewing the appellant's jurisdictional submission and the agency's motion to dismiss, IAF, Tabs 6-8, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction without holding the requested hearing, IAF, Tab 11, Initial Decision (ID) at 1, 7. The administrative judge found that the appellant, despite his allegations suggesting "a very unpleasant relationship with the Director," failed to nonfrivolously allege facts that would establish that his May 29, 2016 transfer resulted from coercion or intolerable working conditions. ID at 4-6.

¶5     On review, the appellant asserts that the administrative judge should have held a hearing at which he would have proven his constructive removal claim and that, considering the totality of the circumstances rather than each instance of workplace hostility in isolation, intolerable working conditions existed that required him to transfer in May 2016. Petition for Review (PFR) File, Tab 1 at 4-8.[3] The agency has filed a response and asserts that there is no basis to disturb the administrative judge's decision. PFR File, Tab 3 at 4-9.

---

[3] The appellant includes two documents with his petition for review—a screenshot of his Resources Specialist application package status and a June 2016 email to schedule his testimony for an Administrative Investigation Board into the Bedford VA Director's alleged creation of a hostile work environment. PFR File, Tab 1 at 9-11. Both of these documents were available to the appellant prior to the close of record before the administrative judge. Under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Thus, we have not considered either document as grounds for granting his petition for review. On remand, however, the appellant may resubmit these documents consistent with the procedures and time limits established by the administrative judge regarding further development of the record.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6     The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. *Parrott v. Merit Systems Protection Board*, 519 F.3d 1328, 1332 (Fed. Cir. 2008); 5 C.F.R. § 1201.56(b)(2)(i)(A). An employee-initiated action, such as a retirement or resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction. *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). Nevertheless, the Board has recognized that employee-initiated actions that appear voluntary on their face are not always so and the Board may have jurisdiction over such actions as constructive adverse actions. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 7 (2013). All constructive adverse actions have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Id.*, ¶ 8. An involuntary resignation is equivalent to a constructive removal and therefore within the Board's jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). Similarly, an involuntary inter-agency transfer, even without loss of grade or pay,[4] is analogous to a constructive removal. *Colburn v. Department of Justice*, 80 M.S.P.R. 257, ¶¶ 5-6 (1998); *see also Roach v. Department of the Army*, 86 M.S.P.R. 4, ¶ 17 (2000).

¶7     In cases such as this one, when the appellant alleges that the agency made working conditions so intolerable that he was coerced to resign, the Board will find the resignation involuntary only if the appellant demonstrates that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in his position would have felt compelled to

---

[4] Although our involuntary inter-agency transfer precedent does not require the loss of grade or pay, here the appellant nonfrivolously alleges that his transfer resulted in the reduction in his grade from GS-13, step 8, to GS-12, step 10, and the reduction in his pay of approximately $13,000. IAF, Tab 1 at 7-8, 25-26, 35, Tab 6 at 4, 7, 17, 19, Tab 7 at 35-37. A constructive reduction in grade or pay is an adverse action within the Board's jurisdiction. *See* 5 U.S.C. § 7512(3)-(4); *Bean*, 120 M.S.P.R. 397, ¶ 8.

resign. *See Vitale*, 107 M.S.P.R. 501, ¶ 20; *Colburn*, 80 M.S.P.R. 257, ¶ 5. The doctrine of coerced involuntariness is "a narrow one" and does not apply if the employee resigns or retires because he "does not want to accept [measures] that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that he feels that he has no realistic option but to leave." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). "[T]he fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make his decision any less voluntary." *Id.* The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of his freedom of choice. *Vitale*, 107 M.S.P.R. 501, ¶ 19; *see also Bean*, 120 M.S.P.R. 397, ¶¶ 8, 11 (explaining that the agency's wrongful actions must have deprived the employee of a meaningful choice). The Board must consider all of the surrounding circumstances, including events not immediately preceding the resignation or transfer, when measuring a resignation's voluntariness. *Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1342 (Fed. Cir. 2001). When an appellant raises an allegation of discrimination in connection with a claim of involuntariness, the allegation may be addressed only insofar as it relates to the issue of voluntariness. *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 12 (2009).

¶8 Once an appellant presents nonfrivolous allegations[5] of Board jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence. *Parrott*, 519 F.3d at 1332. In assessing whether an appellant has made nonfrivolous allegations that would entitle him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence contradicts the appellant's otherwise prima facie showing of jurisdiction, the administrative judge may not

---

[5] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶9      The appellant has asserted that the Bedford VA Director created hostile and intolerable working conditions from June 2015 until May 2016 by, among other things, pressuring his first-line supervisor to downgrade his performance appraisal and take administrative action against him,[6] removing him as the Bedford VA liaison to the Hanscom Air Force Base Community Partnership Committee, scheduling numerous meetings with him and abruptly canceling them at the last minute, attempting to embarrass him in front of the Veterans Integrated Service Network Director and other senior staff, ordering him to reassign one of her direct reports rather than hold that employee accountable for his performance because he would file an EEO complaint against her, and calling him a "moron" on multiple occasions in front of staff members. IAF, Tab 1 at 24-25, Tab 6 at 4-6, 8-21, 23-31; PFR File, Tab 1 at 5-8.

¶10      Pro se filings are to be construed liberally. *Farooq v. Corporation for National and Community Service*, 109 M.S.P.R. 73, ¶ 11 (2008). The administrative judge correctly noted that an employee is not guaranteed a stress-free work environment and must act reasonably, not assume the worst, and not jump to conclusions too quickly. ID at 5-6; *see Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 29 (2000). Yet, rather than consider the appellant's claims of intolerable working conditions as a whole, the administrative judge appears to have evaluated and rejected the appellant's claims individually and in isolation when finding that the appellant failed to assert

---

[6] Ultimately, the appellant's first-line supervisor, the Bedford VA Associate Director, did not downgrade the appellant's performance appraisal and rated him overall Outstanding. IAF, Tab 7 at 37-40. Similarly, the record reflects that the Associate Director did not propose or effect any disciplinary or adverse action against the appellant.

nonfrivolous allegations that the agency coerced his transfer.  ID at 4-6; *see Shoaf*, 260 F.3d at 1342; *Ferdon*, 60 M.S.P.R. at 329.

¶11    We disagree with the administrative judge and find that the totality of the appellant's allegations constitutes nonfrivolous allegations of intolerable working conditions that entitle him to a hearing.  Further, the appellant submitted supporting documents that describe and appear to corroborate how the Director, who was the highest-ranking official at the Bedford VA, created an allegedly hostile work environment for the appellant with day-to-day rude and unfavorable treatment for almost a full year.  IAF, Tab 6 at 23-27, 32-35.  Moreover, the appellant encumbered a senior leadership position at the Bedford VA with no other positions at the facility reasonably available to him for reassignment.  *See Markon v. Department of State*, 71 M.S.P.R. 574, 581-83 (1996) (remanding the constructive removal appeal for a hearing after the appellant alleged that she had no choice but to retire after day-to-day rude treatment for 7 months without any other jobs available to her).

¶12    The appellant asserts that, although the agency reassigned the Director shortly after the appellant transferred to the Air Force, at the time he transferred there was no reasonable basis to conclude that the agency would conduct any investigation into the Director's actions or that the agency would reassign her pending such investigation.  IAF, Tab 6 at 11-12, 17.  The appellant also asserts the futility of filing a formal grievance against the Director, or that any grievance would prompt meaningful change in his working conditions, especially when he knew, as Chief of Human Resources, that the agency dismissed other complaints against the Director, which led to increased harassment.  IAF, Tab 6 at 5, 11-12; PFR File, Tab 1 at 6-7; *cf. Axsom*, 110 M.S.P.R. 605, ¶ 17 (noting that a reasonable person would not have felt compelled to resign when he had the option to stand and fight the alleged discrimination, harassment, and retaliation rather than resign).  We find the appellant's assertions of the agency's allegedly wrongful actions are nonconclusory, plausible, and material to the issues in this

appeal. *See Bean*, 120 M.S.P.R. 397, ¶ 8; 5 C.F.R. § 1201.4(s). To the extent that the agency's submissions merely contradicted the appellant's otherwise sufficient nonfrivolous allegations of intolerable working conditions, IAF, Tabs 7-8, the administrative judge should not have dismissed the appeal for lack of jurisdiction without a hearing, *see Garcia*, 437 F.3d at 1344; *Ferdon*, 60 M.S.P.R. at 329.

¶13     Accordingly, we remand this case to the regional office for a hearing on the issue of whether the appellant's May 29, 2016 transfer was the result of coercion based on intolerable working conditions and therefore a constructive removal within the Board's jurisdiction. *See Bean*, 120 M.S.P.R. 397, ¶¶ 8, 11. If, on remand, the administrative judge determines that the Board has jurisdiction over this appeal as a constructive removal, then the administrative judge shall adjudicate the appellant's affirmative defenses and order appropriate relief. IAF, Tab 1 at 3, 5; *see Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 46 (2009) (noting that when the Board finds a resignation or retirement involuntary, the Board not only has jurisdiction over the appeal, but the appellant wins on the merits and is entitled to reinstatement).

## ORDER

¶14     For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                                  /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.